UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEVIN E. SHAFFER,

　　　　Plaintiff,

　　v.

RICHARD GUERZO, et al.,

　　　　Defendants.

Case No. 25-cv-10784-NW

**ORDER SCREENING AND SERVING COMPLAINT**

　　　　Plaintiff Devin E. Shaffer filed a pro se civil rights lawsuit alleging claims against several medical professionals who provided him with care while he was in custody at the Santa Clara County Main Jail.  ECF No. 1.  The Complaint is now before the Court for screening pursuant to 28 U.S.C. § 1915A(a).  For the reasons set forth below, the Court **ORDERS SERVICE** of the Complaint on Defendants.

I.　　**BACKGROUND**

　　　　Shaffer's Complaint names the following Defendants:  Registered Nurses Richard Guerzo and Leao Anthony Mallari, and doctors Christopher Jay Nelson, Peter Phan, and Alexander Chyorny.[1]  Shaffer alleges that on January 1, 2024, he was taken to a hospital by the San Jose Police Department, where doctors examined him and concluded that his finger was not broken.  Shaffer was provided with a splint by unnamed medical professionals.  His metal brace was confiscated when he arrived at Santa Clara County Jail and he was instead provided with medical tape, which did not keep his finger straight.

　　　　Shaffer's finger allegedly became painfully infected while he was housed in the jail, and

---

[1] Unless otherwise noted, all factual allegations in this section are from the Complaint, ECF No. 1.

was visibly broken, red, peeling, and smelled bad.  On January 6, 2024, Shaffer was provided care by Nurse Guerzo, who wrote in a report that the finger had no swelling—which Shaffer disputes—but noted pain to the touch and limited movement.  The next day, Dr. Nelson and Dr. Phan ordered and reviewed additional x-rays of Shaffer's finger but did not make any findings that the finger was broken.  On January 12, 2024, Nurse Mallari evaluated Shaffer and noted that his finger was swollen but denied any redness or inability to move the finger, which Shaffer disputes. Dr. Chyorny canceled Shaffer's appointment that was scheduled for January 24, 2024, leaving Shaffer without any further medical treatment for his finger at the jail.  Shaffer challenges each Defendant's failure to diagnose the broken finger or infection, and failure to provide him with appropriate treatment for both conditions.

Shaffer was released from custody on January 25, 2024.  On April 23, 2024, he received out-of-custody care and was told that his finger was broken with a mallet deformity, and that he needed a specialized splint.  Shaffer alleges that he suffered partial loss of sensation in his finger, and that his finger remains swollen and deformed after it "bec[a]me infected/healed wrong while in custody."  ECF No. 1 at 7.  He argues that Defendants violated his First and Fourteenth Amendment rights when they failed to let him inspect his x-rays, and that they were deliberately indifferent to his medical needs by treating his broken finger improperly.  Shaffer seeks monetary, declaratory, and injunctive relief.

## II.    LEGAL STANDARD

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer, or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id*. at § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although a complaint "does not need detailed

United States District Court
Northern District of California

2

factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  The United States Supreme Court has since explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that:  (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right.  *Lemire v. Cal. Dep't of Corr. & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  Actions in this context include when a defendant engages in the affirmative act, participates in another's affirmative act, or fails to perform a legally required act.  *Leer*, 844 F.2d at 633.

## III.    DISCUSSION

A pretrial detainee seeking to bring a medical care claim against a defendant must demonstrate:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).  For the third element, the

defendant's conduct must be objectively unreasonable—"a test that will necessarily 'turn[] on the facts and circumstances of each particular case.'" *Id.* (alteration in original) (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016)). Minimally "the plaintiff must 'prove more than negligence but less than subjective intent—something akin to reckless disregard.'" *Id.* (quoting *Castro*, 833 F.3d at 1071).

Liberally construing the Complaint, Shaffer states cognizable claims of deliberate indifference with respect to Defendants' alleged failure to treat Shaffer's visibly broken and infected finger, which Shaffer alleges remains damaged and deformed due to the finger "becom[ing] infected/healing wrong" while he was in custody. ECF No. 1 at 7; *see Pries v. Contra Costa Cnty.*, No. C 21-04890 WHA, 2023 WL 1928216, *3 (N.D. Cal. Feb. 10, 2023) (finding that failure to treat prisoner as infection symptoms worsened stated Fourteenth Amendment claim for deliberate indifference); *cf. Thompson v. Rodriguez*, No. 23-cv-00515-RBM, 2023 WL 4414579, *4 (S.D. Cal. Jul. 7, 2023) (noting that broken fingers generally constitute serious medical need requiring medical treatment); *Lopez v. Smith*, 203 F.3d 1122, 1132 (9th Cir. 2000) ("A prisoner need not prove that he was completely denied medical care."). Shaffer does not state an independent constitutional claim related to his providers' failure to show him the x-rays of his finger at the time they rendered treatment; but the alleged conduct may be considered within the context of his claim of deliberate indifference.

## IV.    CONCLUSION

The Court orders as follows:

1. Shaffer states cognizable claims of deliberate indifference, in violation of the Fourteenth Amendment, against Registered Nurses Richard Guerzo and Leao Anthony Mallari, and doctors Christopher Jay Nelson, Peter Phan, and Alexander Chyorny with respect to the medical treatment they rendered to Shaffer in January 2024.

2. Defendants shall be **SERVED**. The Clerk will issue a summons, and the United States Marshal will serve, without prepayment of fees, copies of the Complaint (ECF No. 1) with attachments and copies of this order on the County Clerk of the

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

Board, County Government Center, 70 W Hedding St., East Wing, 10th floor, San Jose, California, 95110.  The Clerk shall also send these documents by email to county.counsel@cco.sccgov.org.

3.  To expedite the resolution of this case, the Court orders the following briefing schedule:

a.  No later than **90 days** from the date of service, Defendants will file a motion for summary judgment or other dispositive motion.  The motion will be supported by adequate factual documentation, shall conform in all respects to Federal Rule of Civil Procedure 56, and will include as exhibits all records and incident reports stemming from the events at issue.  If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they will inform the Court prior to the date the dispositive motion is due.  All papers filed with the Court will be promptly served on Shaffer.

b.  At the time the dispositive motion is served, Defendants will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-54 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003).  *See Woods v. Carey*, 684 F.3d 934, 940-41 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for non-exhaustion is filed, not earlier); *Rand*, 154 F.3d at 960 (separate paper requirement).

c.  Shaffer's opposition to the dispositive motion, if any, will be filed with the Court and served upon Defendants no later than **28 days** from the date the motion was served upon him.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand*, 154 F.3d at 953-54, and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).  If Defendants file a dispositive motion claiming that Plaintiff failed

to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), he should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which must be provided to him as required by *Wyatt*, 315 F.3d at 1120 n.4.

    d.  If Defendants wish to file a reply brief, they shall do so no later than **14 days** after the opposition is served upon them.

    e.  The motion shall be deemed submitted as of the date the reply brief is due. Absent a further order of the Court, no hearing will be held on the motion.

4.  All communications by Shaffer with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

5.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

6.  It is Shaffer's responsibility to prosecute this case. Shaffer must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: May 7, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.